**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSE PACHECO, on Behalf of Himself and on Behalf of All Others Similarly Situated** | § § § § | |
| | § | **CIVIL ACTION NO. 3:20-cv-02984** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **YOU FIT HEALTH CLUBS, LLC and YOU FIT, LLC,** | § § | |
| | § | |
| **DEFENDANTS.** | | |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

## I.    INTRODUCTION

1.    Plaintiff Jose Pacheco ("Plaintiff") brings this case as a class action against Defendants You Fit Health Clubs, LLC and You Fit, LLC (collectively "Youfit") pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated. Youfit operates a chain of fitness centers with over 100 facilities across the country. Youfit claims as follows:

WELCOME TO
**YOUFIT HEALTH CLUBS**

Youfit Health Clubs is a gym that's about one thing only: You. Youfit not only offers affordable gym memberships and state of the art facilities but is dedicated to helping our members get the most out of life!

(https://www.youfit.com/, last visited September 23, 2020).

2.    Customers of Youfit pay a monthly membership fee in exchange for access to Youfit's gyms and fitness facilities. Despite claiming that Youfit's gym is "about one thing only:

You," Youfit made the unconscionable decision to keep charging its customers monthly membership fees when Youfit closed all of its locations following the COVID-19 Pandemic.

3.     To become a member of Youfit's gym/fitness facilities, customers provide Youfit with their credit card or debit card information. Youfit then automatically charges its customers as payments are due on a monthly basis.

4.     Beginning in March 2020, gyms across the country closed down indefinitely as "stay at home" and "shelter in place" orders were issued. Youfit then closed all of its locations beginning in March 2020. On June 3, 2020, Youfit began a gradual reopening of its locations. (*See* https://www.youfit.com/blog/youfit-reopening/, last visited September 23, 2020).

5.     However, despite the fact that all of Youfit's gyms and fitness facilities were closed, Youfit continued charging its customers the full monthly membership fees. In doing so, Youfit made the deliberate decision to take millions of dollars from its customers who did not have access to the service Youfit promised, agreed, and warranted to them.

6.     Youfit's agreement, warranty, and representation to its customers, including Plaintiff was that in exchange for payment, Youfit will provide access to its gyms and fitness facilities.

7.     Youfit offers three membership plans, each of which promise that a customer of Youfit will have access to Youfit's gyms.



(https://www.youfit.com/join/step2, last visited September 23, 2020)

8.     This promise to provide access to a gym/fitness center formed the basis of the agreement with Plaintiff and the Class Members.  Indeed, the reason Youfit's customers pay their monthly membership fees is to have access to Youfit's gyms/fitness centers.  However, Youfit continued to charge its customers despite closing every location following the COVID-19 Pandemic.

9.     During the pandemic, millions of Americans lost their jobs and the ability to earn a living.  Millions of people are struggling to survive.  Rather than stop charging its customers during the pandemic, like other business have done, Youfit continued taking money from its customers.

3

The Plaintiff and Class Members need the money that Youfit has unlawfully taken from them. Youfit made this decision to profit from the COVID-19 Pandemic to the detriment of millions of Americans.

10.    Through the conduct described in this Complaint, Youfit has violated Texas and federal law.  Plaintiff brings this case as class action for breach of contract, unjust enrichment, money had and received, breaches of express and implied warranties, under the Magnuson-Moss Warranty Act, pursuant to the Texas Deceptive Trade Practices Act ("DTPA"), and for injunctive and declaratory relief.

## JURISDICTION AND VENUE

11.    This Court has original jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act found in 28 U.S.C. § 1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and some of the class members are citizens of a state different than that of Youfit.

12.    This Court has personal jurisdiction over Youfit because it has purposefully availed itself of the privileges of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction.  Youfit does business in Texas, advertises in Texas, markets to Texas consumers, and the violations of the law forming the basis of this lawsuit occurred in Texas.  Therefore, the assumption of jurisdiction over Youfit will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.  Youfit also had and continues to have continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over it.

13.     Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise the claims in this Complaint took place in this district.

## PARTIES

14.     Plaintiff is a resident of Dallas, Texas. He first became a member of Youfit's fitness facility in January 2020. Prior the COVID-19 Pandemic, he visited the Youfit gym located at 11411 Northwest Hwy in Dallas, Texas. As a customer of Youfit, Plaintiff was charged $24.99 per month (plus tax) on a month-to-month basis.

15.     Defendant You Fit Health Clubs, LLC is a foreign limited liability company organized under the laws of Delaware. Said Defendant can be served with process by serving its registered agent Christy Stross at 1350 E. Newport Drive, Suite 200, Deerfield Beach, Florida 33442.

16.     Defendant You Fit, LLC is a foreign limited liability company organized under the laws of Florida. Said Defendant can be served with process by serving its registered agent Incorp Services, Inc. at 815 Brazos, Suite 500, Austin, TX 78701.

17.     The "National Class" consists of all individuals in the United States who were charged a full membership fee by Youfit at any time when they were under a "stay at home, "shelter in place" or similar order due to the COVID-19 pandemic. Excluded from this Class are Youfit's officers and directors.

18.     The "Texas Class" consists of all residents of Texas who were charged a full membership fee by Youfit at any time when they were under a "stay at home, "shelter in place" or similar order to the COVID-19 pandemic. Excluded from this Class are Youfit's officers and directors.

## FACTS

19.    The novel Coronavius has infected millions Americans, caused the deaths of over 200,000 Americans, and has caused millions of Americans to lose their jobs.  Currently, the nation is facing a troubled economic and health situation.  Despite these troubling times, Youfit made the deliberate decision to take millions of dollars from its customers.

20.    Youfit operates a chain of gyms and fitness facilities across the country.  Youfit promotes its services on its website https://www.youfit.com/.  On this website, Youfit boasts about the quality of its gyms, the variety of its fitness equipment, and the fact that there over 100 locations where members can visit.



(https://www.youfit.com/why-youfit, last visited September 23, 2020.)

21.    Youfit promised that in exchange for monthly membership fees, it would provide to its customers the follow:

    a.    "Spotless facilities that feature free lockers and clean showers,"

6

b.  "Certified personal trainers that can create customized plans to fit you and your goals,"

c.  "Group Fitness Classes,"

d.  "Tons of top of the line fitness equipment,"

e.  "Amazing amenities" such as "saunas, tanning, child care."

(*Id.*)

22.    Customers of Youfit have the choice of three plans: (1) $24.99 per month, (2) $15 per month, and (3) $10 per month.  Regardless of the plan and regardless of the location, each membership to Youfit promises the same thing – access to Youfit's gym.  This promise to provide access to Youfit's gyms formed the basis of the agreement with Plaintiff and the Class Members. Indeed, the reason Youfit's customers pay their monthly membership fees is to have access to the gym.

23.    Despite the fact that the nation was under a lockdown following the COVID-19 Pandemic, Youfit made the unconscionable decision to keep charging its customers the full monthly membership fees even after Youfit closed all locations.

24.    Youfit's choice to continue charging its customers has caused financial and economic harm to Plaintiff and the Class Members.

25.    As noted above, Plaintiff has been a customer of Youfit since January 2020.  In March 2020, States within the US began a mandatory closure of all non-essential businesses, which included gyms and fitness facilities.  For example, Dallas County Judge, Clay Jenkins, issued a shelter-in-place order for Dallas County effective March 23, 2020 at 11:59 pm, which included a shut down of all non-essential business, including gyms and fitness facilities.[1]  Restrictions on

---

[1] (https://www.dallascounty.org/Assets/uploads/docs/judge-jenkins/covid-19/03232020-AmendedOrder.pdf )

business openings was extended to May 15, 2020.[2]   However, during this time, Youfit continued to charge Plaintiff despite the fact that its gyms were closed.

26.     Specifically, on March 27, 2020, April 27, 2020, and May 27, 2020, Plaintiff's debit card was unilaterally charged $27.05 by Youfit. Youfit charged Plaintiff despite knowing that its gyms were closed.

27.     Despite the fact that Youfit's gyms and fitness centers were shut down, Youfit continued to charge Plaintiff and the Class Members the full amount of their membership fees. Plaintiff signed up for Youfit's month-to-month membership with the belief and on the basis that he would have access to the gyms and fitness facilities that Youfit promised.

28.     The mandatory closure of all non-essential businesses continued through May 2020, when certain States began easing restrictions.  However, Youfit continue to charge their customers the full amount of the membership fee despite the fact that its fitness centers remain closed.

29.     Youfit continue to charge Plaintiff monthly membership fees to this day.

30.     Youfit never provided Plaintiff or any other Class Member a refund (or even offered a reduced/prorated membership fee) during the COVID-19 Pandemic in breach of their agreement, promise, and warranty.

31.     Youfit's conduct has caused significant financial and economic harm to Plaintiff and the Class Members as Youfit has willfully taken millions of dollars that rightfully belong to Plaintiff and the Class Members. Youfit's unconscionable conduct continues to this day.  As the

---

[2] https://www.nbcdfw.com/news/coronavirus/watch-dozens-gather-in-dealey-plaza-protesting-ongoing-covid-19-shut-down/2355268/

second wave of the Coronavirus is on the horizon, this lawsuit is intended to stop the illegal conduct of Youfit.

## COUNT I

**Breach of Contract, including Breach of the**

**Implied Covenant of Good Faith and Fair Dealing**

(On behalf of Plaintiff and the National Class)

32.     Plaintiff re-alleges and incorporates the allegations stated above as if set forth fully herein.

33.     At all relevant times, Plaintiff and the Class Members entered valid and enforceable contracts with Youfit whereby Youfit promised to provide access to its gyms in exchange for the payment of membership fees.  Plaintiff and the Class Members have otherwise performed all obligations under their agreements with Youfit. Youfit has breached these contracts by charging Plaintiff and the Class Members while closing all of its locations.

34.     In addition, every contract imposes a duty of good faith and fair dealing on the parties with respect to the performance and enforcement of the terms of the contract.  Youfit breached the covenant of good faith and fair dealing because, to the extent Youfit had the discretion to bill the monthly membership rate, that discretion was exercised wrongfully under the circumstances when its gyms were closed.  Thus, Youfit breached the obligation of good faith and fair dealing.

35.     Indeed, Youfit exercised its discretion in bad faith by charging Plaintiff and the Class Members fees even after the "shelter in place" and other lockdown orders were issued beginning in March 2020.  To this day, Youfit has not refunded the amount of the charges.

36.     Youfit's contractual breaches, including the breaches of the implied covenant of good faith and fair dealing, caused Plaintiff and the Class to suffer damages in the amount to be determined at trial.

37.     Plaintiff and the Class Members also seek injunctive relief and equitable relief prohibiting Youfit from continuing to charge customers the full membership fees while its gyms are closed or operate at reduced capacity following the COVID-19 Pandemic.

## COUNT II

### Conversion

(On behalf of Plaintiff and the National Class)

38.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

39.     Plaintiff and the Class Members owned and possessed money that Youfit took for membership fees beginning in March 2020.  Plaintiff and the Class Members had a right to retain their money and Youfit unilaterally charged the Plaintiff's and Class Members' debit cards and credit cards even when the "shelter in place" and other lockdown orders were issued.

40.     To this day, Youfit has intentionally refused to give Plaintiff's and the Class Members' money back to them.

41.     Plaintiff and the Class Members were harmed through Youfit's intentional charging of their credit cards and debit cards.

42.     Youfit's conduct was a substantial factor in causing Plaintiff's and the Class Members' harm.

43.     Plaintiff and the Class Members also seek injunctive relief and equitable relief prohibiting Youfit from continuing to charge customers the full membership fees while its gyms are closed or operate at reduced capacity following the COVID-19 Pandemic.

## COUNT III

### Unjust Enrichment

(On behalf of Plaintiff and the National Class)

44.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

45.     Youfit received a benefit by charging the credit cards and debit cards of the Plaintiff and Class Members even when the participating fitness centers were closed following the COVID-10 Pandemic.

46.     Youfit has knowledge of such benefits.

47.     Youfit has been unjustly enriched in retaining the money from Plaintiff's and the Class Members' membership fees.

48.     Retention of that money under these circumstances is unjust and inequitable because Youfit has charged the Plaintiff and Class Members membership fees for services that the Plaintiff and Class Members did not receive following the "shelter in place" and lockdown orders that were issued.

49.     This conduct has caused significant injury to Plaintiff and the Class Members. Given that Youfit's retention of the money is unjust and inequitable, Youfit must pay restitution to Plaintiff and the Class Members in an amount to be determined at trial.

50.     Plaintiff and the Class Members also seek injunctive relief and equitable relief prohibiting Youfit from continuing to charge customers the full membership fees while its gyms were closed or operate at reduced capacity following the COVID-19 Pandemic.

## COUNT IV

### Money Had and Received

(On Behalf of Plaintiff and the National Class)

51.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

52.     Youfit charged and received membership fees that were intended for the benefit of Plaintiff and the Class Members. Youfit did not use those membership fees for the benefit of Plaintiff and the Class Members and have not given back or refunded all of the wrongfully obtained money to Plaintiff and the Class Members.

53.     Youfit obtained money in the form of membership fees that were intended to be used to provide fitness center access to Plaintiff and the Class. However, Youfit has charged and retained membership fees while its fitness centers were closed following the COVID-19 Pandemic.

54.     Plaintiff and the Class Members also seek injunctive relief and equitable relief prohibiting Youfit from continuing to charge customers the full membership fees while its fitness centers are closed or operate at reduced capacity following the COVID-19 Pandemic.

## COUNT V

### Breach of Express Warranty

(On Behalf of Plaintiff and the National Class)

55.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

56.    This cause of action is brought against Youfit for breaching its express warranty. In connection with the sale of their membership plans, Youfit made an express warranty that Youfit would provide access to its fitness centers.

57.    This express warranty was made by Youfit to Plaintiff and the Class Members.

58.    Youfit's affirmation of fact and promise became part of the basis of the bargain between Youfit and Plaintiff and the Class Members, thereby creating an express warranty that the services provided by Youfit would conform to that affirmation of fact, representation, promise, and description.

59.    The representations made by Youfit were the basis and reason why Plaintiff and the Class Members became customers of Youfit.

60.    Here, Youfit has breached this express warranty because Youfit closed all of its gyms and fitness centers.  Nevertheless, Youfit still charged Plaintiff and the Class Members the full amount of the monthly membership fees.

61.    Plaintiff and the Class Members have suffered economic harm as a result.  As a result of Youfit's illegal conduct, Plaintiff and the Class Members are entitled to reimbursement of the amounts charged to them for membership fees during the class period.

62.    Plaintiff and the Class Members also seek injunctive relief and equitable relief prohibiting Youfit from continuing to charge customers the full membership fees while its fitness centers are closed or operate at reduced capacity following the COVID-19 Pandemic.

63.    Plaintiff and Class Members also seek reasonable attorney's fees, expenses, and court costs.

## COUNT VI

**Breach of Implied Warranty of Merchantability**

(On Behalf of Plaintiff and the National Class)

64.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

65.     This cause of action is brought against Youfit for breaching implied warranties regarding the membership plans.

66.     Here, Youfit sold to Plaintiff and the Class Members membership plans that did not provided any benefit, or if anything, marginal benefit. Indeed, the plans Youfit sold did not provide access to its gyms because they were closed.

67.     In doing so, Youfit sold worthless plans to Plaintiff and the Class Members.

68.     Plaintiff and the Class Members have suffered economic harm as a result.  As a result of Youfit's illegal conduct, Plaintiff and the Class Members have suffered injury/economic loss and are entitled to reimbursement of the amounts charged to them for membership fees during the class period.

69.     Plaintiff and the Class Members also seek injunctive relief and equitable relief prohibiting Youfit from continuing to charge customers the full membership fees while the gyms are closed or operate at reduced capacity following the COVID-19 Pandemic.

70.     Plaintiff and Class Members also seek reasonable attorney's fees, expenses, and court costs.

## COUNT VII

**Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312**

(On Behalf of Plaintiff and the National Class)

71.    Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

72.    This cause of action is brought against Youfit pursuant to 15 U.S.C. § 2310(d)(1) for breaching express and implied warranties about the membership plans they sold. Section 2310(d)(1) states as follows:

> a.    a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief.

73.    Here, Youfit promised access to its fitness centers.

74.    Youfit failed to honor this affirmation and promise.

75.    Plaintiff and the Class Members have suffered economic harm as a result.  As a result of Youfit's illegal conduct, Plaintiff and the Class Members are entitled to reimbursement of the amounts charged to them for membership fees during the class period.

76.    Plaintiff and the Class Members also seek injunctive relief and equitable relief prohibiting Youfit from continuing to charge customers the full membership fees while the fitness centers are closed or operate at reduced capacity following the COVID-19 Pandemic.

77.    Plaintiff and Class Members also seek reasonable attorney's fees, expenses, and court costs.

15

## COUNT VIII

**Violation of Tex. Bus. & Com. Code §§ 17.41 et. seq**

Texas Deceptive Trade Practices Act

(On Behalf of Plaintiff and the Texas Class)

78.    Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

79.    This cause of action is brought pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act, as codified in the Texas Business & Commerce Code §§ 17.41 *et. seq.* ("DTPA").

80.    Plaintiff was a consumer as defined by the Tex. Bus. & Com. Code § 17.45(4).

81.    Plaintiff sought or acquired by purchase memberships, which is a "good" or "service" within the meaning of the DTPA. *See* Tex. Bus. & Com. Code § 17.45(1).

82.    Plaintiff sought or acquired a membership plan after Youfit made the false, misleading, and deceptive statement that it would provide access to its fitness centers.

83.    Youfit's conduct violates Sections 17.46(b)(2), 17.46(b)(5), 17.46(b)(7), 17.46(b)(9), and 17.46(b)(24) of the Texas Business and Commerce Code.

84.    Youfit's illegal actions include, but are not limited to the following:

   a.  Youfit represented that the membership plans were of a particular standard, quality, and grade that they are not.  Also, Youfit represented that it would provide access to its fitness centers that it did not provide, and yet, still charged its customers the full amount of the membership fees.

   b.  Youfit represented that the membership plans it sold have sponsorship, approval, characteristics, and benefits that they do not have.

16

    c.   Breaching express and implied warranties, as further stated above.

85.    Youfit's false, misleading, and deceptive acts induced Plaintiff and the Texas Class Members to purchase the membership plans.

86.    But for Youfit engaging in the false, misleading, and deceptive acts, as identified in this Complaint, Plaintiff and the Texas Class Members would not have purchased the membership plans and would not have suffered economic harm.  As a result of Youfit's illegal conduct, Plaintiff and the Texas Class Members are entitled to reimbursement of the amount they spent.

87.    Plaintiff and the Texas Class Members also seek treble their economic losses because Youfit acted intentionally.

88.    Plaintiff and the Texas Class Members also seek reasonable attorney's fees, expenses, and court costs.

89.    Plaintiff and the Class Members also seek injunctive relief and equitable relief prohibiting Youfit from continuing to charge customers the full membership fees while its fitness centers are closed or operate at reduced capacity following the COVID-19 Pandemic.

## <u>COUNT XIII</u>

### Declaratory Relief

(On Behalf of Plaintiff and the National Class)

90.    Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

91.    An actual controversy has arisen and now exists between Plaintiff and the Class Members, on the one hand, and Youfit, on the other hand, concerning the respective rights and duties of the parties under the membership plans sold by Youfit.

92.    Youfit deceptively represented the terms and qualifications of the plans, diverted the membership payments for Youfit's own use and profit, has kept that money, and has refused to return it to Plaintiff and the Class Members after "shelter in place" and lockdown orders were issued.

93.    Plaintiff, on behalf of himself and the Class Members, seeks a declaration as to the Parties' respective rights and requests that the Court declare that Youfit's conduct is illegal, as alleged in this Complaint, so that future controversies may be avoided.

## CLASS ALLEGATIONS

94.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b) on behalf of themselves and on behalf of the following classes:

### NATIONAL CLASS

**All individuals in the United States who were charged a membership fee by Youfit at any time when they were under a "stay at home," "shelter in place" or similar order due to the COVID-19 pandemic. Excluded from this Class are Youfit's officers and directors.**

### TEXAS CLASS

**All residents of Texas who were charged a membership fee by Youfit at any time when they were under a "stay at home," "shelter in place" or similar order due to the COVID-19 pandemic. Excluded from this Class are Youfit's officers and directors.**

95.    **Numerosity**. The members of the Classes are so numerous that joinder of all members of the Classes is impracticable. Plaintiff is informed and believes that the proposed Classes contain thousands of members who have been harmed by Youfit's conduct as alleged herein. The precise number of Class Members is unknown to the Plaintiff but is believed to be well in excess of 1,000.

96.     **Typicality**. Plaintiff's claims are typical of the claims of the members of the Classes because all Class Members were injured through the uniform misconduct described above and were all subject to Youfit's illegal conduct. Plaintiff is advancing the same claim and legal theories on behalf of the Classes.

97.     **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the Classes. Plaintiff has retained counsel experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Classes.

98.     **Rule 23(b)(1):** Class action status is warranted under Rule 23(b)(1)(A) because prosecuting separate actions by or against individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes, which would establish incompatible standards of conduct for Youfit.

99.     Class action status is also warranted under Rule 23(b)(1)(B) because prosecuting separate actions by or against individual members of the Classes would create a risk of adjudications with respect to individual members of the Classes, which would, as practical matter be dispositive of the interests of the other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

100.     **Rule 23(b)(2):** This action is appropriate as a class action pursuant to Rule 23(b)(2) because Plaintiff seeks injunctive relief and corresponding declaratory relief for the Classes. Youfit has acted in a manner generally applicable to each member of the Classes.

101.     Youfit's unlawful practices, if not enjoined, will subject Plaintiff and the Class Members to continuing harm and will cause irreparable injuries to Plaintiff and the Class Members.

102.     The adverse financial impact of Youfit's unlawful actions is continuing and, unless preliminarily and permanently enjoined, will continue to irreparably injure Plaintiff and the Class Members.

103.     **Rule 23(b)(3):** This action is also appropriate as a class action pursuant to Rule 23(b)(3) because common questions of fact and law predominate over any individualized questions. These common legal and factual questions include, but are not limited to, the following:

(a)     whether Youfit's representations discussed above are false, misleading, or objectively reasonably likely to deceive consumers;

(b)     whether Youfit breached its agreement to provide access to its gyms, fitness facilities and exercise centers;

(c)     whether Youfit intentionally charged money belonging to Plaintiff and the Class Members;

(d)     whether Youfit breached its warranty to provide access to its gyms, fitness facilities and exercise centers; and

(e)     whether Youfit has been unjustly enriched to the detriment of the Plaintiff and Class Members.

104.     **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Youfit. It would thus be virtually impossible for members of the Classes, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class Members could afford such individualized litigation, it would place a tremendous strain on judicial economy. Individualized litigation would create the danger

of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

105.    Indeed, by concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  Notice of the pendency and any resolution of this action can be provided to the Class Members by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication.  The identity of members of the Class Members is readily identifiable from Youfit's records.

106.    This type of case is well-suited for class action treatment because: (1) Youfit's practices, policies, and/or marketing were uniform; (2) Youfit's agreement with the Class Members was uniform; (3) Youfit's promise, warranty, and agreement to provide access to its gyms was the same for all Class Members; and (4) the necessary records to prove Youfit's illegal acts are in the possession of Youfit.  Ultimately, a class action is a superior form to resolve the claims detailed herein because of the common nucleus of operative facts centered on Youfit's illegal conduct.

107.    Unless a class is certified, Youfit will retain the money it wrongfully received as a result of its illegal conduct.  Youfit has acted and refused to act on grounds generally applicable to all Class Members, making a class action a superior means to resolve this case.

## JURY DEMAND

108.   Plaintiff hereby demands trial by jury on all issues.

## PRAYER

109.   For these reasons, Plaintiff prays for:

   a.   An order certifying the Classes under Rule 23 of the Federal Rules of Civil
        Procedure;

   b.   A judgment against Youfit awarding Plaintiff and the Class Members their
        economic losses, treble damages, and all statutory penalties;

   c.   Exemplary damages within the jurisdictional limits of the Court;

   d.   An order awarding attorneys' fees, costs, and expenses;

   e.   Pre- and post-judgment interest at the highest applicable rates; and

   f.   Such other and further relief as may be necessary and appropriate.


                              HODGES & FOTY, L.L.P.


                              By:   /s/ Don J. Foty
                                    Don J. Foty
                                    dfoty@hftrialfirm.com
                                    Texas Bar No. 24050022
                                    David W. Hodges
                                    dhodges@hftrialfirm.com
                                    Texas Bar No. 00796765
                                    4409 Montrose Blvd., Suite 200
                                    Houston, TX 77006
                                    Telephone: (713) 523-0001
                                    Facsimile: (713) 523-1116

                              ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS